# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| JAMES RAY BROWN,<br><br>    Petitioner,<br><br>    v.<br><br>JAMES A. YATES,<br><br>    Respondent. | Case No. 1:10-cv-00219-LJO-SAB (HC)<br><br>ORDER SETTING A HEARING ON THE PRODUCTION OF DOCUMENTS FOR AUGUST 20, 2015, AT 3:00 P.M., IN COURTROOM NINE<br><br>ORDER SUSTAINING RESPONDENT'S OBJECTION TO DR. AVAK ALBERT HOWSEPIAN'S TESTIMONY |
|---|---|

Petitioner is a state prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S. § 2254. Petitioner is represented in this action by Lisa M. Sciandra, Esq, and Assistant Federal Defender Jerome Price, Esq, of the Office of the Federal Defender. Respondent is represented in this action by Deputy Attorney General Justain Riley, Esq., of the Office of the California Attorney General.

On August 12, 2015, a telephonic status conference was held to discuss Respondent's discovery requests for Petitioner's trial counsel's file and the documents by and relied on by Dr. Avak Albert Howsepian and Respondent's objection to the testimony of Dr. Howsepian. Ms. Sciandra appeared telephonically on behalf of Petitioner and Mr. Riley appeared telephonically on behalf of Respondent. Having considered the moving papers and arguments presented at the August 12, 2015 hearing, as well as the Court's file, the Court issues the following order.

Respondent requests the documents in Petitioner's trial counsel's file. Petitioner claims

1  that his trial counsel, Rafael Torres, Jr., provided ineffective assistance of counsel because Mr.
2  Torres told Petitioner that Petitioner could not be convicted at trial.  Petitioner claims that he
3  rejected a plea offer of four years because of this erroneous advice.  In this instance, these are
4  documents that do not appear to be available to Petitioner, because Petitioner is not in possession
5  of the file.  According to the parties, the file is in the possession of the Fresno County Public
6  Defender's Office.  Respondent has requested copies of everything in trial counsel's file from
7  Petitioner.  Petitioner has not provided a copies of all of the documents in the file.  Respondent
8  admits that Petitioner has provided him with copies of some of the documents in trial counsel's
9  file, but Respondent requests the entire file.  Petitioner objects to Respondent receiving the entire
10 file because of relevancy and because of attorney-client privilege.  As discussed at the status
11 conference, what is relevant to Petitioner may not be the same as what is relevant to Respondent.
12 Respondent's request for the entire file is a reasonable request.  It is well-established that a
13 petitioner waives the attorney-client privilege when the petitioner puts the lawyer's performance
14 at issue during the course of litigation.  See Bittaker v. Woodford, 331 F.3d 715, 718-19 (9th Cir.
15 2003).  If Petitioner wishes, he may move for a protective order or other review by the court.

16        Petitioner argues that the discovery request is untimely.  However, it is clear that
17 Respondent has previously requested this information and that both parties had previously
18 conferred about this issue.  Upon a review of Respondent's discovery request and the arguments
19 of the parties, the Court finds that Respondent may issue a subpoena duces tecum.  The hearing
20 for the production of documents will be held on Thursday, August 20, 2015, at 3:00 p.m.

21        Respondent objects to the testimony of Petitioner's expert witness, Dr. Howsepian.  In
22 Petitioner's eighth claim in his federal habeas petition, he claimed that his trial counsel stated
23 that Petitioner could not be convicted at trial because witnesses had recanted their incriminating
24 statements. (ECF No. 1 at 66-68).  Petitioner claimed that his counsel told him that he would get
25 a hung jury at worst. (ECF No. 1 at 66).  Petitioner claimed that based on this advice, he did not
26 accept the plea offer, and that if he had known that he could possibly be convicted, he would
27 have taken the plea deal of four years.  (ECF No. 1 at 68-69).  This claim was remanded by the
28 Ninth Circuit for further development of the record.  The Court has set this matter for an

1  evidentiary hearing on August 28, 2015.  In Petitioner's June 11, 2015 opening brief, he states
2  that Dr. Howsepian will testify that Petitioner suffers from a mild intellectual disability and that
3  Petitioner is highly vulnerable to misunderstanding spoken communications, especially in
4  complex and emotionally charged legal contexts, such as the kinds of communications by Mr.
5  Torres regarding what Petitioner should expect the outcome of the trial to be.  (ECF No. 54 at
6  10).

7  Respondent objects to the testimony of Dr. Howsepian because the claim before this
8  Court has to do with the actual advice that Petitioner's trial counsel gave Petitioner and that Dr.
9  Howsepian's testimony is beyond that claim.  Petitioner argues that Dr. Howsepian's testimony
10 may be relevant to show that Petitioner's trial counsel's statements that Petitioner could not be
11 convicted were not hyperbole.  At this time, the Court and the parties are not aware of what
12 Petitioner's trial counsel will testify to about the statements.  The Court finds that Dr.
13 Howsepian's testimony is beyond the scope of the claim presented in Petitioner's federal habeas
14 petition that is before this Court for the evidentiary hearing.  Also, from an evidentiary
15 standpoint, the Court finds that Dr. Howsepian's testimony should not be allowed because it
16 appears that the facts which he will testify about are unexhausted in the state courts.  While a
17 petitioner is allowed to present "bits of evidence" to the federal court that were not presented to
18 the state courts that first considered his claim, if the evidence places the case in "a significantly
19 different legal posture" or "significantly different and stronger evidentiary posture," the state
20 court must be given an opportunity to consider the evidence.  See Aiken v. Spalding, 841 F.2d
21 881, 883-84 (9th Cir. 1988).  Since no form of these facts were ever proffered to the state court
22 or appear in the petition here, Respondent's evidentiary objection to Dr. Howsepian's testimony
23 is sustained.  The Court notes that Petitioner, at the evidentiary hearing, may renew the request
24 for Dr. Howsepian to testify should the testimony become relevant.

25 At this time, Respondent's request for discovery of the writings by, and relied on by, Dr.
26 Howsepian is moot.  However, if Petitioner renews his request for Dr. Howsepian to testify and
27 the Court grants that request, Petitioner should be prepared to turn over the writings by, and
28 relied on by, Dr. Howsepian in forming his opinions in this case at the time the request is made.

The Court also notes that Petitioner has requested that the Court issue an order that four subpoenas be issued for witnesses for the evidentiary hearing. Petitioner has requested authorization for the issuance of the subpoena, service of the subpoena by the United States Marshal and an Investigator for the Federal Defender's Office, and statutory payment of the witness and round-trip transportation. Petitioner does not state the names of the witnesses in his request. Petitioner is advised that if he seeks authorization from the Court for the issuance of the subpoena, he should submit the names of the witnesses for the Court's review.

Accordingly, IT IS HEREBY ORDERED that:

1. A hearing on the production of documents will be held on August 20, 2015, at 3:00 p.m., before the undersigned in courtroom nine;
2. Respondent's objection to the testimony of Dr. Howsepian is sustained. However, Petitioner may renew his request for Dr. Howsepian to testify at the evidentiary hearing should the testimony become relevant; and
3. Respondent's request for discovery regarding Dr. Howsepian is now rendered moot. However, should the Petitioner make a renewed request for Dr. Howsepian to testify based upon information presented at the evidentiary hearing then Petitioner must be prepared to provide discovery to Respondent at the time the renewal request is made.

IT IS SO ORDERED.

Dated:  **August 12, 2015**

UNITED STATES MAGISTRATE JUDGE