# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES RAY BROWN,<br><br>    Petitioner,<br><br>    v.<br><br>JAMES A. YATES,<br><br>    Respondent. | Case No. 1:10-cv-00219-LJO-SAB-HC<br><br>PROTECTIVE ORDER FOR PETITIONER'S TRIAL COUNSEL'S FILE<br><br>ORDER DENYING PETITIONER AND FRESNO COUNTY PUBLIC DEFENDER'S OFFICE'S REQUESTS TO QUASH THE SUBPOENA DUCES TECUM |

**I.**

**BACKGROUND**

Petitioner is a state prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S. § 2254. Petitioner is represented in this action by Lisa M. Sciandra, Esq, and Assistant Federal Defender Jerome Price, Esq, of the Office of the Federal Defender. Respondent is represented in this action by Deputy Attorney General Justain Riley, Esq., of the Office of the California Attorney General.

On August 20, 2015, a hearing on the production of documents was held to discuss Respondent's subpoena duces tecum for Petitioner's trial counsel's file from the Fresno County Public Defender's Office, the custodian of the file. Mr. Price appeared on behalf of Petitioner, Mr. Riley appeared on behalf of Respondent, and Gary Shinaver, Esq., appeared on behalf of the Fresno County Public Defender's Office. Having considered the arguments presented at the

August 20, 2015 hearing, as well as the Court's file, the Court issues the following order.

## II.

## SUBPOENA DUCES TECUM

Respondent issued a subpoena duces tecum for Petitioner's trial counsel's file to the Fresno County Public Defender's Office and the hearing for the production of documents was set for August 20, 2015. In the Court's August 12, 2015 order, the Court noted that Petitioner could move for a protective order or other review by the Court if Respondent issued a subpoena duces tecum. The Fresno County Public Defender's Office did not file a motion to quash the subpoena, but raised grounds for quashing the subpoena at the hearing. The Fresno County Public Defender's Office argued that turning over Petitioner's trial counsel's entire file to Respondent's counsel requires disclosure of information protected by the attorney-client privilege and the work product privilege. Petitioner's counsel also did not file a motion to quash the subpoena, but echoed the Fresno County Public Defender's Office's arguments at the hearing. Respondent agreed to abide by any protective order.

On timely motion, the court for the district where compliance is required must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to an undue burden. Fed. R. Civ. P. 45(d)(3)(A). Here, Petitioner and the Fresno County Public Defender's Office asserted attorney-client privilege and the work product privilege as reasons that the Court should quash the subpoena duces tecum.[1]

However, it is well-established that a petitioner waives the attorney-client privilege when the petitioner puts the lawyer's performance at issue during the course of litigation. See Bittaker v. Woodford, 331 F.3d 715, 718-19 (9th Cir. 2003). The Bittaker decision also applies to waiver of the work product privilege. 331 F.3d at 722 n. 6. In Bittaker, the Ninth Circuit held that a

---

[1] Here, the Fresno County Public Defender's Office was on notice for a significant amount of time that Respondent wanted Petitioner's trail counsel's file for the instant habeas action and that Petitioner's counsel had copied documents from trial counsel's file so that those documents could be produced to Respondent.

petitioner's waiver must only be as broad as needed to ensure the fairness of the proceedings. Id. at 720. The holder of the claim, in this case the Petitioner, could abandon his petition if he wants to preserve the confidentiality of the privileged communication. Id. at 721. Petitioner wishes to proceed with his claims, and therefore, he cannot preserve the confidentiality of the privileged information at issue. As discussed at the hearing, what is relevant to Petitioner's counsel may not be the same as what is relevant to Respondent's counsel. Respondent's request for the entire file appears to be a reasonable request in this case. Therefore, the Court will deny Petitioner and the Fresno County Public Defender's Office's oral requests to quash the subpoena duces tecum.

Petitioner seeks a protective order for documents to be produced from his trial counsel's files. The Court may impose limitations and conditions on the party receiving the privileged materials. Id. at 721. The parties did submit proposed protective orders. After considering the parties' submissions and arguments made during the August 20, 2015 hearing on the production of documents, and good cause appearing, the undersigned finds the protective order below appropriate at this time for information in Petitioner's trial counsel's file that has been produced to Petitioner's counsel and Respondent's counsel.[2]

"The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). "The Ninth Circuit recognizes that district courts have great flexibility to protect documents that contain confidential or commercially sensitive information." Cabell v. Zorro Prods., Inc., 294 F.R.D. 604, 610 (W.D. Wash. 2013). It is within the broad discretion of the district court to determine the appropriate degree of protection provided by the protective order. Id.

## III.

## PROTECTIVE ORDER

The Court finds good cause to issue a protective order. Accordingly, the following protective order shall be entered in this action, subject to the conditions of use described above. This protective order covers the unredacted copy of Petitioner's trial counsel's file.

---

[2] The Court notes that this protective order is similar to the protective orders approved by the Court of Appeals in Bittaker v. Woodford, 331 F.3d 715 (9th Cir. 2003) and Osband v. Woodford, 290 F.3d 1036 (9th Cir. 2002). The undersigned has added additional language as necessary for this matter.

1    Pursuant to Federal Rule of Civil Procedure 26(c), the Court enters this Protective Order
2 concerning Petitioner's trial counsel's file. The Court hereby orders as follows:

3    1.    All documents produced to Respondent's counsel and Petitioner's counsel
4          pursuant to Respondent's request to discover Petitioner's trial counsel's files shall
5          be deemed to be confidential. The copy of Petitioner's trial counsel's file that
6          was produced to Mr. Price and produced to Mr. Riley at the August 20, 2015
7          hearing shall not be copied under any circumstance and shall not shown or
8          discussed with persons not authorized pursuant to this Protective Order. These
9          documents may be used only by Mr. Riley and his supervisor on behalf of
10         Respondent, and Petitioner, Mr. Price, and Ms. Sciandra on behalf of Petitioner,
11         in connection with these habeas proceedings and may be used only for purposes
12         of any proceedings incident to the petition for writ of habeas corpus pending
13         before this court. Mr. Price and Ms. Sciandra may show to and discuss with
14         Petitioner the documents in Petitioner's trial counsel's file, except they shall not
15         show the unredacted police reports to Petitioner. Disclosure of the contents of the
16         documents and the documents themselves may not be made to any other persons
17         or agencies, including any law enforcement or prosecutorial personnel or
18         agencies, without an order from this court. This order shall continue in effect
19         after the conclusion of the habeas corpus proceedings and specifically shall apply
20         in the event of a retrial of all or any portion of petitioner's criminal case.

21   2.    This protective order does not apply to documents or information obtained from
22         sources independent of Petitioner's trial counsel's files or previously made public
23         even if that information also is contained in Petitioner's trial counsel's files. In
24         the event that Petitioner or Respondent desires that confidential information be
25         disclosed, communicated, discussed, or made available to any person not
26         otherwise authorized by this Protective Order, the requesting party must submit to
27         opposing counsel and counsel for the Fresno County Public Defender's Office a
28         written notice specifically identifying the information to be disclosed, and the

name, title, and business relationship of the persons to whom counsel wishes to make such disclosure. Counsel for the other party and the Fresno County Public Defender's Office shall have ten (10) business days from the date of receipt of the notification to object to the disclosure to any person identified therein. If counsel for the other party or the Fresno County Public Defender's Office does not respond in writing to the written notice of disclosure within ten (10) business days after receipt thereof, the persons named in the notice, subject to the terms and conditions of this Protective Order, shall be entitled to receive the information specified in the notice. If any counsel for the other party or the Fresno County Public Defender's Office responds and objects to the disclosure request, and the parties subsequently are unable to agree on the terms and conditions of the requested disclosure, the requesting party may file a motion with the Court, served on counsel for all other parties, setting forth the basis for seeking such disclosure, in which case, the requested disclosure shall only be made upon such terms as the Court shall provide.

3. In the event any Confidential Information pursuant to this Order is the subject of a subpoena or order requiring its disclosure, the recipient of the subpoena or order will provide immediate notice to the disclosing party through its counsel. The recipient of the subpoena or order shall not object to Petitioner or the Fresno County Public Defender's Office's appearance to protect its interest in maintaining the information as confidential. The recipient of the subpoena or order will not respond to any such subpoena or order until Petitioner and the Fresno County Public Defender's Office has a reasonable opportunity to seek appropriate relief from the Court, including but not limited to, a motion to quash or motion for a protective order.

4. Any documents and other information designated as Confidential Information pursuant hereto must be filed under seal and the party filing such documents must comply with the requirements of Local Rule 141 of the Eastern District of

1     California.

2    5.    Petitioner's trial counsel's file and any discovery obtained due to the disclosure of the material, and all copies thereof, shall be either destroyed or returned to the Fresno County Public Defender's Office, or its counsel, within twenty (20) days of the conclusion of this litigation including any appeals. Counsel for Petitioner and counsel for Respondent shall certify in writing to the Fresno County Public Defender's Office that said materials have been destroyed or returned, or otherwise disposed of as ordered by the Court, within twenty (20) days of the conclusion of this litigation including any appeals.

6. During the course of the litigation and before destruction or return of the file the documents subject to this protective order shall be placed in a secured location from which others not subject to the protective order cannot have access to the documents. The file containing the documents shall be placed in a sealed envelope or container and referenced as Confidential.

7. Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until Petitioner and the Fresno County Public Defender's Office agree otherwise in writing or a court order otherwise directs.

8. A copy of this Protective Order, shall be delivered to each person to whom disclosure of Confidential Information will be made. The provisions of this Protective Order shall be binding upon each such person to whom disclosure is made. The person receiving said Confidential Information shall sign an acknowledgement and agreement to be bound asserting:

    I, [full name], of [full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order for the Brown v. Yates proceedings. I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the Federal Court for the Eastern District of California for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint [full name] of [full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Protective Order.

This Acknowledgement shall be signed and dated, and Counsel for the party disclosing the information to an authorized person(s) under this Protective Order shall obtain and retain a signed copy of Acknowledgment before any such person receives any Confidential Information.

## IV.

## CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Petitioner and the Fresno County Public Defender's Office's oral requests to quash the subpoena duces tecum are denied;

2. The protective order herein shall apply to Petitioner's trial counsel's file; and

3. Violation of the protective order herein will subject the offending party to contempt proceedings.

IT IS SO ORDERED.

Dated: **August 21, 2015**

UNITED STATES MAGISTRATE JUDGE

7